IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :

    v.     :     Criminal No. ELH-19-0364

TERRELL WEST     :

## MEMORANDUM AND ORDER

Terrell West was indicted on a single count of possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g). A detention hearing was conducted on August 16, 2019 and I found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the public. ECF 9-10. I made specific findings both on the record and in writing after hearing arguments of counsel, and evaluating the factors set forth in the Bail Reform Act, 18 U.S.C. 3142(g). ECF 10. On March 27, 2020, Defendant moved for reconsideration and Defendant supplemented the motion on March 28, 2020. ECF 19-20. In his motion, Defendant states he has tested positive for COVID-19 and is now in isolation along with one other positive tested detainee.

On April 1, 2020, the government filed a response, objecting to the motion. ECF 22. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant challenges the factual basis presented by the government to establish probable cause that Defendant was in possession of the firearm. The Court is satisfied that the government provided probable cause the Defendant was in possession of a firearm. The additional fact that DNA sample of Defendant "matched" the DNA recovered from the firearm further establishes possession of the firearm. The government at the proffer and in its pleadings satisfied this Court as to probable cause. Any further challenges to the factual basis is for the finder of fact at trial. To the extent he does challenge the previous fact-finding of the Court, the Court DENIES the motion and adopts its findings of fact and ruling that Defendant be detained.

Defendant has prior convictions for drug trafficking offenses. Defendant was arrested when he fled a location where police were executing a search warrant and controlled substances were recovered. As Defendant ran, he discarded a firearm which was recovered. Defendant has a poor history of response to supervision in the community. An armed felon with a history of poor response to supervision is not a viable candidate for release into the community. I incorporate my prior findings on the record as well as the written order of detention. ECF 10.

The Defendant alleges that the current outbreak of COVID-19 and his positive test at CTF where he is housed, demonstrate that Defendant is himself at a higher risk of injury while detained. Defendant offers the alternative of home confinement to safeguard his health. Defendant offers a relative as a third party custodian and a residence which is a 2 bedroom home. In this Motion for Reconsideration, the Court will make an individualized assessment of risk of public safety, taking into account all of the 3142(g) factors along with the "change of circumstances" brought about by COVID-19.

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Opinions, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563. I fully adopt the reasonings and rulings of those Memorandum Opinions and incorporate them into this Memorandum Opinion as to Terrell West.

There is no new evidence presented to this Court that alters the Court's decision to detain Defendant nor ensures the safety of the community. It is an epic tragedy that so many lives and the very fabric of our community is being torn apart by COVID-19. The Court also acknowledges the tragic results of a positive test for Mr. West. The events of COVID-19, while tragic, do not relieve this Court of the responsibility of assessing all the factors of 3142(g) in determining whether this particular Defendant poses a danger to the community.

In the midst of these events, the Court is hampered by the understandably limited ability of pretrial release conditions. Pretrial Services is without the means to monitor persons on home

detention in any way that would ensure the safety of the community. Of serious note as well, homicides and firearm violence have not been abated by the COVID outbreak. There have been triple and quadruple shootings, along with single homicides during the course of the pandemic. Placing Defendant, even without the threat of spreading COVID-19, who has failed to respond to supervision in the community presents a serious and very real threat to the safety of the community. That threat has not been abated by the additional COVID-19 arguments set forth by Defendant.

The findings made pursuant to the Court's original order of detention on December 2, 2019 remain unchanged. In weighing the evidence presented by the government as to the response of CTF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision does not ensure the safety of the public. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19. The risk factors the Defendant presents regarding his COVID status do not outweigh the factors I have previously found requiring his continued detention.

Other than his positive test, Defendant has not argued he is further at risk in isolation. As to his present condition, he could be completely asymptomatic or he could be affected by the virus. We simply do not have that information. Also, he is in a location where CTF does provide medical care. Defendant proposes no alternatives and no plan for medical care in the community if it became necessary. Also missing is evidence that Defendant could receive better medical care in the community without continuing to be a threat to the safety of others. There simply is no evidence to support Defendant's motion.

The proposed home detention in a two-bedroom residence with a third party custodian does not ensure the safety of the Defendant, his third party custodian or the public. Defendant is properly isolated and is under the medical supervision of CTF medical staff. There is a plan in place for CTF to hospitalize persons when necessary. By every indication, CTF is complying with CDC guidelines. Recently a member of the USMS did a walk-through of CTF and saw no evidence

of non-compliance with CDC requirements. Other than remanding Defendant to a 2 bedroom apartment, with someone for whom the Court has no medical information, there is no specific plan offered by Defendant in the event he were to be released into the community and become ill. What the Defendant is asking is for the Court to take a person who has tested positive for COVID  out of isolation and place him into the community with no further information. There are no factors regarding Mr. West that weigh in favor of release.

Accordingly, the motion (ECF 19-20) is DENIED.  So Ordered this 2nd day of April, 2020.


_____/s/_____
A.  David Copperthite
United States Magistrate Judge